THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michael
 Wallace, Appellant,
 
 
 

v.

 
 
 
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal From the Administrative Law Court
 Carolyn C. Matthews, Administrative Law Court
Judge

Unpublished Opinion No.  2012-UP-012 
 Submitted January 3, 2012  Filed January
25, 2012

REVERSED AND REMANDED

 
 
 
 Michael Wallace, pro se.
 Christopher D. Florian, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Michael Wallace appeals an order of the
 Administrative Law Court (ALC), affirming the decision of the South Carolina
 Department of Corrections (the Department) denying Wallace's inmate grievance. 
 On appeal, Wallace argues he was not afforded an opportunity for meaningful
 judicial review because the ALC filed the order without allowing Wallace to
 file an appellant's brief.  We agree.

 The review of the [ALC's] order must be confined to the record. .
 . . The court of appeals may affirm the decision or remand the case for further
 proceedings; or, it may reverse or modify the decision if the substantive
 rights of the petitioner have been prejudiced because the finding, conclusion,
 or decision is . . . in violation of constitutional or statutory provisions.  

S.C. Code Ann. §
 1-23-610(B) (Supp. 2010).  

 No person shall be finally bound by a judicial or quasi-judicial
 decision of an administrative agency affecting private rights except on due
 notice and an opportunity to be heard . . . nor shall he be deprived of liberty
 or property unless by a mode of procedure prescribed by the General Assembly,
 and he shall have in all such instances the right to judicial review.  

S.C. Const. art.
 I, § 22.
Our review of the
 record indicates the ALC issued the order affirming the Department's denial of
 Wallace's inmate grievance without the benefit of Wallace's brief.  When the
 ALC issued its order without considering any of Wallace's arguments, Wallace
 was denied the opportunity to be heard and was thus deprived of a liberty
 interest without judicial review.  See Ross v. Med. Univ. of S.C.,
 328 S.C. 51, 68, 492 S.E.2d 62, 71 (1997) (holding article I, section 22 of the
 South Carolina Constitution guarantees persons the right to notice and an
 opportunity to be heard by an administrative agency); see also S.C. Code
 Ann. § 1-23-500 (Supp. 2010) (explaining the ALC is an agency).  Accordingly,
 we reverse and remand[1] with instructions to allow Wallace to file an appellant's brief and proceed
 with his appeal before the ALC.
REVERSED AND
 REMANDED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.